IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| BRIAN A. SMITH, # 186253 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:04cv580-MHT |
| STEVEN BULLARD, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

OPINION AND ORDER

This case is before the court on a motion for relief
from judgment and for out-of-time appeal filed pro se by
petitioner Brian A. Smith, a state inmate.  In this
motion, Smith requests that this court allow him to file
an out-of-time appeal with the Eleventh Circuit Court of
Appeals due to his counsel's failure to file a timely
notice of appeal.  For the reasons that follow, the court
concludes that this motion should be denied.

I.

The important events, chronologically, are as follows:

June 14, 2004:  Smith, proceeding pro se, filed a petition for writ of habeas corpus, challenging his state convictions for capital murder and attempted murder.

October 13, 2004: A lawyer filed a notice of appearance on behalf of Smith and thereafter represented Smith before this court through the disposition of his habeas petition and during the appeal process.

March 15, 2005: The court entered a judgment denying Smith's petition for habeas corpus relief.

May 13, 2005:  Smith, through counsel, filed a notice of appeal.

August 10, 2005:  The Eleventh Circuit Court of Appeals dismissed the appeal, sua sponte, for lack of jurisdiction, noting that, "The May 13, 2005, notice of appeal is untimely to contest the district court's order and judgment entered on March 15, 2005."

2

June 12, 2006: Acting without his attorney, Smith mailed to the court the currently pending motion for relief from judgment and for out-of-time appeal.

June 14, 2006: The pending motion was received and filed by the court.


## II.

There is no "constitutional right to counsel for prisoners mounting collateral attacks upon their convictions." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir.), cert. denied, 498 U.S. 834 (1990). "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance). ... [E]rror [in a collateral proceeding] cannot be constitutionally ineffective; therefore [petitioner] must 'bear the risk of

attorney error that results in a procedural [bar to review of his claims].'" Coleman v. Thompson, 501 U.S. 722, 752-753 (1991); McCoy v. Newsome, 953 F.2d 1252, 1259 (11th Cir. 1992) ("Since [petitioner] had no sixth amendment right to counsel, he bears the burden of his failure to act in compliance with [applicable procedural rules]."). Thus, ineffective assistance of counsel in filing an untimely notice of appeal from denial of a habeas petition does not warrant granting Smith's motion.

To the extent Smith seeks equitable tolling of the time to file a notice of appeal, he is likewise entitled to no relief. Failure to file a notice of appeal within 30 days of entry of judgment as required by Federal Rule of Appellate Procedure 4(a)(1)(A) is a jurisdictional bar. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001) ("This 30-day time limit is 'mandatory and jurisdictional.' Browder v. Director, Illinois Department of Corrections, 434 U.S. 257, 264 (1978)."). A jurisdictional bar, unlike a statute of limitations, is

4

not subject to equitable tolling.  <u>Zipes v. Trans World Airlines</u>, 455 U.S. 385, 393 (1982) (when Congress enacts a jurisdictional bar to untimely claims, equitable tolling does not apply); <u>see</u> <u>also</u> <u>Steed v. Head</u>, 219 F.3d 1298 (11th Cir. 2000).

Additionally, even if Smith's claims arising from counsel's failure to file a timely notice of appeal were subject to equitable tolling, he would be entitled to no relief from this court.  In cases addressing equitable tolling of the federal period of limitation that governs the filing of habeas petitions under 28 U.S.C. § 2254, cases equally applicable to determining the timeliness of filing a notice of appeal in habeas actions, federal courts have determined that the limitation period "may be equitably tolled ... when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." <u>Sandvik v. United States,</u> 177 F.3d 1269, 1271 (11th Cir. 1999); <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000); <u>Knight v.</u>

Schofield, 292 F.3d 709, 711 (11th Cir. 2002). "Equitable
tolling will not be available in most cases, as extensions
of time will only be granted if 'extraordinary
circumstances' beyond a prisoner's control make it
impossible to file a petition on time." Calderon v.
United States District Court, 128 F.3d 1283, 1288 (9th
Cir.1997). Such remedy applies only in truly
extraordinary circumstances. Jones v. United States, 304
F.3d 1035, 1039-40 (11th Cir. 2002); Drew v. Department of
Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

"[A]ttorney error, miscalculation, inadequate
research, or other mistakes have not been found to rise to
the 'extraordinary' circumstances required for equitable
tolling." Fahy v. Horn, 240 F.3d 239, 244 (3rd Cir.),
cert. denied, 534 U.S. 944 (2001). "Mere attorney
negligence does not justify equitable tolling. ... An
attorney's miscalculation of the limitations period or
mistake is [likewise] not a basis for equitable tolling."
Steed, 219 F.3d at 1300; Brown v. Shannon, 322 F.3d 772,

6

775 (3rd Cir. 2003) (claims of ineffective assistance of counsel cannot "be said to be an 'extraordinary' circumstance warranting equitable tolling."); Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000) (petitioner who relied on mistaken advice of counsel in calculating federal filing deadline not entitled to equitable tolling); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's inadequate research, which led to miscalculation of federal deadline, did not warrant equitable tolling).

Accordingly, it is ORDERED that petitioner Brian A. Smith's motion for relief from judgment and for out of time appeal (Doc. No. 33) is denied.

DONE, this the 31st day of July, 2006.

_/s/ Myron H. Thompson_
UNITED STATES DISTRICT JUDGE